E-FILED
Tuesday, 21 December, 2004  02:31:23 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DIVISION OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| HOWARD VINCENT ASHLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 04-CV-2104 |
| ) | |
| DONALD HULICK, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

On June 2, 2004, Petitioner Howard Vincent Ashley filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (#5). Respondent[1] filed an Answer (#11) on August 2, 2004, and Ashley filed a Response (#14) to the Answer on September 8, 2004.  In his Petition, Ashley claims a violation of his rights to due process and freedom of speech under the First and Fourteenth Amendments to the United States Constitution, resulting in the revocation of 30 days of his good-conduct credits. Respondent argues that Ashley has forfeited his federal claims through procedural default because the state court found on state grounds that his claims were time barred.  For the

---

[1] Because Donald Hulick is the warden of the Hill Correctional Center where Ashley is currently housed, Hulick has been substituted as Respondent in this matter.

reasons that follow, Ashley's petition is DENIED.

**BACKGROUND**

Ashley is currently serving a 30-year sentence for murder. In May 1998, while incarcerated at Danville Correctional Center, Ashley was the subject of an inmate disciplinary report (IDR). The IDR charged Ashley with a rules violation for threatening his cellmate and indicated that he had admitted making threatening comments on his wing. An administrative committee conducted a disciplinary hearing on the charge. Ashley pleaded not guilty. The committee found him guilty, based on his alleged admission of the threats, and recommended various disciplinary actions. The chief administrative officer affirmed the committee's judgment, but reduced the discipline to the revocation of one month of good-time credit and other penalties that are not at issue here.

Ashley was transferred to Centralia Correctional Center and filed a grievance based upon the Danville incident, claiming: (1) that he did not admit to threatening his cellmate; (2) that a correctional officer named Smalls had induced the cellmate to claim falsely that Ashley had threatened him; and (3) that another inmate, Titus McCaa, could testify that he heard Smalls coaching the cellmate to lie.

The administrative review board heard Ashley's grievance on September 9, 1998, and recommended that the IDR be remanded to Danville to be rewritten. Ashley was served with a new IDR on March 18, 1999. The committee conducted a hearing on March 22, 1999. Ashley pleaded not guilty and requested that the committee call McCaa and Small as witnesses, but they were not called. The reasons given for not calling them were that Small no longer worked for the Department

of Corrections and the committee was "unable to contact" McCaa. The committee again found Ashley guilty and recommended the same discipline as the first time. The administrative officer again affirmed the finding of guilty and again reduced the discipline. The administrative review board was satisfied with the committee's findings on remand and recommended denying Ashley's grievance.

On August 14, 2000, Ashley filed a petition for a writ of habeas corpus with this court. The court's order dismissing the petition indicated that Ashley should file a writ of mandamus with the state court and invoke a complete round of state appellate process before the federal court could hear the claims.

Ashley petitioned for mandamus in October 2001. The trial court dismissed his petition on the ground that it was time barred because he filed it more than six months after the completion of the disciplinary proceedings, and the Fourth District Court of Appeals affirmed on July 17, 2003. Ashley v. Pierson, 791 N.E.2d 666 (Ill. App. Ct. 2003). Ashley's appeal to the Illinois Supreme Court was denied on December 3, 2003. Ashley v. Pierson, 806 N.E.2d 1064 (Ill. 2003). Ashley has therefore now exhausted all available state remedies.

## ANALYSIS

The state court rejected Ashley's petition on procedural grounds. The procedural default doctrine requires a state prisoner to demonstrate cause for his state-court default of any federal claim, and resulting prejudice, before the federal habeas court may consider the merits of the claim. Edwards

v. Carpenter, 529 U.S. 446 (2000); Ward v. Hinsley, 377 F.3d 719, 725 (7th Cir. 2004). The only exception is where the habeas petitioner can demonstrate a sufficient probability that a fundamental miscarriage of justice will result from a failure to undertake the review. Edwards, 529 U.S. at 451.

Ashley claims that the cause for his failure to file his state petition in a timely manner was the fact that he was pursuing his claim in the federal court. However, the state court declined to toll its procedural requirement on that basis.

The existence of cause for a procedural default ordinarily turns on whether the prisoner can show that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986); Harris v. McAdory, 344 F.3d 665, 668 (7th Cir. 2003). For example, official interference that makes compliance impracticable would constitute cause under this standard. Murray, 477 U.S. at 488. Misguided pursuit of federal relief is not this sort of external impediment. Because Ashley is unable to show cause, we need not reach the question of whether he is able to show prejudice.

Despite Ashley's inability to show cause for the procedural default, this Court may review the petition on the merits in "an extraordinary case where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. Ashley fails to make such a showing. Two successive administrative committees in the disciplinary process found Ashley guilty of the acts for which his good-time credit was reduced. The administrative review board deemed the final proceedings to be adequate. It cannot be assumed that all of those

involved in the process were unreasonable.

For these reasons, this Court is precluded from considering the merits of Ashley's Constitutional claims.

IT IS THEREFORE ORDERED:

(1) Petitioner's Motion to Add Exhibits (#9) is GRANTED. The court has considered the exhibits attached to Petitioner's motion as an amendment to his Petition.

(2) Petitioner's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2254 (#1) is DENIED.

(3) This case is terminated.

ENTERED this 17th day of December, 2004

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF JUDGE